**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AYYAKKANNU MANIVANNAN,**

        **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:17CV192
(Judge Keeley)**

**GRACE M. BOCHENEK,
SUSAN MALIE, and
ISABEL COTERO,**

        **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 11], SUBSTITUTING DEPARTMENT OF ENERGY AS DEFENDANT, AND DISMISSING DEFENDANTS BOCHENEK, MALIE, AND COTERO**

On November 6, 2017, the pro se plaintiff, Ayyakkannu Manivannan ("Manivannan"), filed a complaint against multiple employees of the Department of Energy's National Energy Technology Laboratory (NETL) in Morgantown, West Virginia (Dkt. No. 1), citing the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(6)(C)(i), and alleging violations of 18 U.S.C. §§ 21, 1701, and 1702. Id. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred any motions in this case to the Honorable Michael J. Aloi, United States Magistrate Judge, for written orders or reports and recommendations (Dkt. No. 5). On January 8, 2018, the defendants moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim (Dkt. No. 11).

A Report and Recommendation ("R&R") entered by Magistrate Judge Aloi recommended that the Court grant in part and deny in

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 11], SUBSTITUTING DEPARTMENT OF ENERGY AS DEFENDANT, AND DISMISSING DEFENDANTS BOCHENEK, MALIE, AND COTERO**

part the defendants' motion to dismiss (Dkt. No. 30). In doing so, the R&R considered in turn each of Manivannan's claims as a possible basis for the Court's jurisdiction. First, the R&R concluded that the criminal code provisions cited in the complaint do not authorize a private right of action, and therefore cannot serve as a basis for the Court's subject-matter jurisdiction. Id. at 11.

Next, the R&R concluded that the Federal Tort Claims Act (FTCA) and Administrative Procedure Act (APA) similarly fail to provide a basis for the Court's jurisdiction in this action. More particularly, the R&R concluded that Manivannan had failed to exhaust his administrative remedies as required by § 2675(a) of the FTCA. Id. at 11-13. The R&R also concluded that, to the extent the complaint could be read as a request for injunctive relief under § 702 of the APA, Manivannan had failed to identify any final agency action for review. Id. at 13-14.

Finally, the R&R concluded that, when liberally construed, the complaint states a plausible claim for relief under FOIA, and therefore the Court has subject-matter jurisdiction. Id. at 14-15. Finding that defendant Grace M. Bochenek ("Bochenek") had been sued in her official capacity as the Director of NETL, the R&R further

**MANIVANNAN V. BOCHENEK, ET AL.**                               **1:17CV192**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 11], SUBSTITUTING DEPARTMENT OF ENERGY AS DEFENDANT, AND DISMISSING DEFENDANTS BOCHENEK, MALIE, AND COTERO**

concluded that the Department of Energy must be substituted for Bochenek as the proper defendant in this case. Id. at 16.

The R&R also informed the parties of their right to file "written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." Id. at 17. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Neither party has filed any objections to the R&R.[1]

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See

---

[1] The Court notes that, on March 5, 2018, Manivannan filed a "Clarification" to the R&R, requesting "verif[ication] that DOJ can both certify and represent DOE/NETL" (Dkt. No. 34). Following a status conference with the parties on March 16, 2018, Magistrate Judge Aloi found that no conflict of interest exists in the matter, and that "it is not improper for the Assistant United States Attorney to represent the named Defendants" (Dkt. No. 40).

**MANIVANNAN V. BOCHENEK, ET AL.** 1:17CV192

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 11], SUBSTITUTING DEPARTMENT OF ENERGY AS DEFENDANT, AND DISMISSING DEFENDANTS BOCHENEK, MALIE, AND COTERO**

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because neither party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 30);

2) **GRANTS in PART** the defendants' motion to dismiss (Dkt. No. 11) and **DISMISSES** Manivannan's claims for violations of 18 U.S.C. §§ 21, 1701, and 1702;

3) **DENIES in PART** the defendants' motion to dismiss Manivannan's FOIA claim (Dkt. No. 11);

4) **ORDERS** the Department of Energy to be **SUBSTITUTED** as the defendant in this action; and

5) **DISMISSES** defendants Grace M. Bochenek, Susan Malie, and Isabel Cotero from this case.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested.

**MANIVANNAN V. BOCHENEK, ET AL.**                                    **1:17CV192**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 11], SUBSTITUTING DEPARTMENT OF ENERGY AS DEFENDANT, AND DISMISSING DEFENDANTS BOCHENEK, MALIE, AND COTERO**

DATED: May 21, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE