IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

AYYAKKANNU MANIVANNAN,

   Plaintiff,

v.          Civ. Action No. 1:17-cv-192
              (Kleeh)

DEPARTMENT OF ENERGY
(National Energy Technology
Laboratory),

   Defendant.


**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi. Judge Aloi recommends that the Court grant Defendant's Motion for Summary Judgment; deny as moot Plaintiff's "Note and Clarification," construed as a Motion to Compel; and dismiss the Amended Complaint with prejudice. For the reasons discussed below, the Court adopts the R&R in part.

## I.  BACKGROUND

Plaintiff is a former employee of the Department of Energy's National Energy Technology Laboratory ("NETL") in Morgantown, West Virginia. ECF No. 12 at ¶ 1. On April 8, 2017, Plaintiff's supervisor proposed his removal from NETL and federal service due

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

to improper conduct involving an intern whom Plaintiff had been assigned to mentor. Id. ¶ 3. At the time of the notice, Plaintiff was facing criminal charges in Pennsylvania regarding harassment and unlawful use of computers. Id. On April 19, 2016, Plaintiff was convicted by a jury for these crimes. Id. Plaintiff was placed on administrative leave from August 12, 2015, during an internal investigation. Id. ¶ 4. He was forbidden from accessing NETL property, and his former office at NETL was secured under lock and key. Id. He resigned, effective June 17, 2016. Id. Plaintiff's claims in this case stem from his attempts to retrieve his personal belongings after being placed on administrative leave, along with his attempts to gather information about the investigations conducted at NETL and in Centre County, Pennsylvania.

## A.    Original Complaint [ECF No. 1]

On November 6, 2017, Plaintiff filed a Complaint (the "Original Complaint") against Grace Bochenek ("Bochenek"), Susan Malie ("Malie"), and Isabel Cotero ("Cotero") (together, the "Original Defendants"), all of whom were employees of NETL. ECF No. 1 at 1. First, Plaintiff claimed that in violation of 18 U.S.C. § 21 (Stolen or Counterfeit nature of property for certain crimes defined) and since the summer of 2016, NETL had refused to return his personal belongings, despite repeated requests. Id. ¶ 1. He

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

also cited a parallel case in Morgantown Magistrate Court. Id.
Second, he claimed that Malie "blocked" his certified registered
court summons by opening it when it was addressed to Bochenek, in
violation of 18 U.S.C. § 1702 (Obstruction of correspondence). Id.
¶ 2. The summons allegedly opened by Malie related to the
Monongalia County Magistrate Court case.

Third, Plaintiff argued that Cotero inappropriately signed
the certified registered Court Summons addressed to Bochenek, in
violation of 18 U.S.C. § 1701 (Obstruction of mails generally).
Id. ¶ 3. Fourth, Plaintiff wrote that he sent several FOIA requests
to NETL, and NETL failed to provide a determination letter for
FOIA HQ-2017-00946-F/NETL-2017-01081-F ("Request 946"). Id. ¶ 4.
Request 946, he said, specifically requested all paperwork and
records related to the alleged official delivery of Plaintiff's
personal belongings to him by NETL. Id. Request 946 is the only
FOIA request specifically listed in Plaintiff's Original
Complaint.

Fifth, Plaintiff argued that this Court had jurisdiction
because the case involved obstruction of mails, obstruction of
correspondence, federal employees, Plaintiff's personal belongings
being left at a federal site, and denial of responses to FOIAs.
Id. at ¶ 5. Plaintiff wrote that the Department of Energy's Office

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]

of Hearing and Appeals ("OHA") indicated to him that he was deemed to exhaust his administrative remedies for Request 946 and may proceed with the matter in federal district court pursuant to 5 U.S.C. § 552(a)(6)(C)(i). Id.

**B.    Motion to Dismiss [ECF No. 11]**

On January 8, 2018, the Original Defendants moved to dismiss Plaintiff's Original Complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 11. Bochenek argued that she "never personally directed any action taken by NETL concerning the Plaintiff's belongings at issue, and in fact, has never had any contact with the Plaintiff through her employment at NETL's Pittsburgh, PA office." ECF No. 12 at 2.

The Original Defendants argued that Cotero signed for the summons, Malie signed an internal correspondence accountability log, and Bochenek never received a copy of the summons or signed a receipt for one. Id. at 6. They argued that the claims against them should be dismissed for failing to meet the standards under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Id. at 7, 8. Plaintiff had cited criminal statutes in the Original Complaint, for which no civil relief was available, and to the extent he cited 5 U.S.C. § 552(a) regarding FOIA requests, the Original Defendants

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

argued that the Original Complaint did not request the provision

of documents pursuant to that statute. Id. at 9, 10.

On January 22, 2018, Plaintiff filed a response to the Motion

to Dismiss. ECF No. 17. Plaintiff emphasized that several requests

were made to NETL about his belongings, and "[n]o proper response

was received." Id. at 11. He argued that NETL failed to respond to

Plaintiff's Request 946. Id. at 12. He provided his version of the

history of Request 946: (1) FOIA applied in May 2018[1]; (2) NETL

responded with "No Records"; (3) Plaintiff appealed to OHA; (4)

NETL withdrew its "No Records" response and stated that a new

determination letter would be issued. Id. at 13. Plaintiff stated

that it had not been issued. Id. OHA informed him that because

NETL had not issued a final determination as to Request 946,

Plaintiff might be deemed to have exhausted his administrative

remedies for that Request and proceed in federal court. Id.

**C.    Judge Aloi's First R&R [ECF NO. 30]**

On February 21, 2018, Judge Aloi entered an R&R on the pending

motion to dismiss. ECF No. 30. Judge Aloi recommended that the

action be dismissed against Cotero, Bochenek, and Malie. Id. at

16. He concluded that the Court lacked subject matter jurisdiction

---

[1] This was likely a typographical error because the Response was
filed on January 22, 2018.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

over the criminal allegations by Plaintiff. Id. at 11. He further found that the Court lacked jurisdiction over the claims potentially made under the Federal Tort Claims Act ("FTCA"). Id. at 13. To the extent the complaint could be read as a request for injunctive relief, neither the FTCA nor the Administrative Procedure Act ("APA") would be an adequate remedy. Id.

Construing the complaint liberally, however, Judge Aloi found that Plaintiff may proceed in federal court under 5 U.S.C. § 552(a)(6)(C)(i). Id. at 15-16. He recommended that the request to dismiss Plaintiff's FOIA claims be denied and that NETL be substituted as a defendant, noting that "[t]he claim under FOIA . . . must proceed against NETL." Id. at 16. He deemed the following FOIA requests exhausted because there was no evidence that a revised fee letter was sent:

- HQ-2017-01069-F/NETL-2017-01141-F (Request 1069);

- HQ-2017-01268-F/NETL-2017-01260-F (Request 1268); and

- HQ-2017-01284-F/NETL-2017-01308-F (Request 1284).

Id. at 15. He also found that NETL had not issued final determinations within the statutory time limit for the following six FOIA requests: 833, 890, 1070, 946, 1347, and 1348. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Therefore, he deemed those Requests exhausted as well. Id. Judge
Aloi directed NETL to respond to the nine FOIA requests listed
above. Id. at 16–17. Judge Keeley adopted the R&R on May 21, 2018,
and substituted NETL as the defendant. ECF No. 52.

On April 6, 2018, Judge Aloi directed NETL to provide certain
documents to the Court for in camera review. ECF No. 44. On April
10, 2018, NETL filed a Motion for Relief from Requirements of that
order, arguing, among other things, that Plaintiff had been adding
new claims without amending his complaint. ECF No. 46. Judge Aloi
then ordered NETL to provide Plaintiff a response to Request 946
by April 26, 2018. ECF No. 48 at 3. He also found that NETL cured
its violation as to Request 1070 before this cause of action was
initiated on November 6, 2017. Id. at 4–5. Judge Aloi directed
Plaintiff to file an Amended Complaint, including the FOIA requests
for which he had exhausted his administrative remedies, on or
before April 26, 2018. Id. at 5.

**D.   Amended Complaint [ECF No. 50]**

Plaintiff filed an Amended Complaint on April 25, 2018. ECF
No. 50. He did not reference whether administrative remedies had
been exhausted for each of the FOIA requests in the Amended
Complaint. Plaintiff states in his Amended Complaint that its
purpose is "to obtain the documented truth through the opportunity

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

FOIA request." Id. at 1. He argues that "[a]ccording to FOIA regulation 5 U.S.C. § 552(a)(6)(A), the Agency must issue a determination letter within 20 days of receiving a FOIA request," and in this case, "[t]he determination letter response for many FOIA requests took months." Id. Plaintiff generally objects to NETL's alleged destroying and withholding of records and its claims of attorney-client privilege and confidentiality.

Plaintiff discusses the following Requests in his Amended Complaint: 1070, 946, 833, 890, 1347, 1759, 78, 1348, 1069, 1268, and 1284. Specific arguments made by Plaintiff as to each Request are included in the Discussion section below. Plaintiff reiterates requests for documentation and, generally, argues that NETL is not in compliance with the Court Order. He asks the Court to do the following: "order the Agency to release all the records/documents that have been withheld, redacted, and allegedly destroyed. A proper judicial review is requested to determine the matter de novo and may examine the contents of the Agency records in camera that are withheld/redacted from the complainant." Id. at 20. NETL filed an Answer to the Amended Complaint on May 10, 2018. ECF No. 51. Plaintiff then filed a "Note and Clarification," which Judge Aloi has construed as a Motion to Compel, asking the Court to compel NETL to respond to his FOIA requests. ECF No. 60.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

### E.   Motion for Summary Judgment [ECF No. 61]

NETL filed a Motion for Summary Judgment, which is now ripe for consideration. ECF No. 61. NETL attached to its Motion an affidavit from Ann C. Guy, a Paralegal Specialist for NETL who manages all FOIA requests sent to the laboratory. ECF No. 62-1. In support of the Motion, NETL argues that the FOIA action began on April 25, 2018, with the filing of the Amended Complaint, because the Original Complaint was against three individual employees for obstruction of correspondence and merely contained a reference to FOIA requests. ECF No. 62 at 3. NETL discusses the four FOIA requests for which OHA determined Plaintiff could not be assessed fees: 833, 890, 946, and 1070. Requests 833 and 1070, NETL argues, were properly exhausted, and Plaintiff was permitted to seek judicial review. Id. at 6, 9. Requests 890 and 946, on the other hand, were not properly exhausted. Id. at 7.

In its Motion, NETL explains the standard for summary judgment pursuant to FOIA. Id. at 9. It then argues that NETL conducted an adequate search for responsive records. Id. at 10. It also argues that the exemptions applied by NETL in providing responsive records were properly applied. Id. at 15. In conclusion, NETL wrote the following:

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

> The plaintiff, as a result of nine FOIA
> requests which demanded the search and
> production of thousands of documents, received
> each document to which he was entitled, and
> which NETL was obligated to provide. Searches
> were not conducted for five of the requests
> because the plaintiff failed to provide the
> fee required. The plaintiff failed to exhaust
> his administrative remedies with regard to
> another two requests. The remaining two
> requests moved carefully and diligently
> through the system set up to address FOIA
> matters within NETL, as did the requests that
> were not exhausted. Each decision by OHA
> analyzed NETL's response to each request,
> often requiring additional searches or less
> redaction, until the Office of Hearing Appeals
> was satisfied that NETL had complied with its
> obligation under FOIA. Hence, as the
> Declarations and Exhibits demonstrate, there
> is no genuine issue of material fact and NETL
> is entitled to judgment as a matter of law.

Id. at 24-25. Plaintiff filed a Response to the Motion, primarily

arguing that exemptions were improperly applied and an in camera

review of the documents by the Court is warranted. ECF No. 69. He

also argues that NETL never performed an adequate search and that

constructive exhaustion applies to all requested FOIAs. He

believes NETL is destroying or hiding evidentiary records.

**F.   Judge Aloi's Second R&R [ECF NO. 79]**

On February 8, 2019, Judge Aloi issued an R&R on the Motion

for Summary Judgment. ECF No. 79. He recommended that the Court

dismiss Requests 1069, 1268, 1284, 1347, 1348, 78, and 1759 because

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

they were closed for failure to pay fees. Id. at 18. He recommended that the Court find that Plaintiff failed to exhaust his administrative remedies for Requests 890 and 946 and that constructive exhaustion is not available. Id. at 19. He recommended that the Court find that NETL performed an adequate search for Requests 833, 1070, and 1284. Id. at 20. He also recommended that the Court find that NETL properly applied Exemptions 5 and 6. Id. at 22. Plaintiff filed Objections to the R&R on March 18, 2019. ECF No. 86.

## II. <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Here, Plaintiff objected to Judge Aloi's findings that exemptions were proper, along with his "contradictory" analysis

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

between this R&R and the first R&R. Plaintiff's objections reiterate many of his points raised earlier: that he exhausted his remedies for multiple Requests, that NETL did not make timely disclosures, and that exemptions were improperly applied. Due to the broad scope of Plaintiff's objections, the Court will review the R&R de novo. Plaintiff's Amended Complaint will be liberally construed because he is proceeding pro se. See Estelle v. Gamble, 429 U.S. 97 (1976).

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'"

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).

Cases brought under FOIA "are generally resolved on summary judgment once the documents at issue have been properly identified." Wickwire Gavin, P.C v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004). "In a suit brought to compel production, an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements.'" Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2011) (citing Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)). "[T]he district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case." Simmons v. DOJ, 796 F.2d 709, 711–12 (4th Cir. 1978). These affidavits are required to be "'relatively detailed' and nonconclusory and must be submitted in good faith." Goland, 607 F.2d at 352.

### III. GOVERNING LAW

Under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, subject to certain exemptions, "federal agencies generally must

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

make their internal records available to the public upon request[.]" Coleman v. Drug Enf't Admin., 714 F.3d 816, 818 (4th Cir. 2013). FOIA disclosure "shines a light on government operations 'to check against corruption and to hold the governors accountable to the governed.'" Id. (citing NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978)).

The FOIA expressly requires an agency receiving an information request to do the following:

> (i)     determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor . . . [and] in the case of an adverse determination the right of such person to appeal to the head of the agency . . . ; and
>
> (ii)    make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

5 U.S.C. § 552(a)(6)(A)(i)-(ii).

To determine whether an agency has met its obligation under the FOIA, "[i]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

will suffice to demonstrate compliance with the obligations imposed by the FOIA." Ginarte v. Mueller, 496 F. Supp. 2d 68, 69 (D.C. Cir. 2007) (citing Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982)). Agency declarations are "accorded a presumption of good faith." Carney v. DOJ, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (citing Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

An agency has conducted an adequate search when it shows "that is has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The adequacy of an agency's search for records is "generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003). It is "dependent upon the circumstances of the case." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 152 (1980).

If responsive documents are withheld, the agency must demonstrate that they fall within one of the nine disclosure

exemptions set forth in the FOIA. See 5 U.S.C. § 552(b). A
government agency's burden of demonstrating the applicability of
the exemption may be met by affidavits, as long as those affidavits
are, again, "'relatively detailed' and nonconclusory
and . . . submitted in good faith." Simmons, 796 F.2d at 711-12.
"The court is entitled to accept the credibility of the affidavits,
so long as it has no reason to question the good faith of the
agency." Bowers v. DOJ, 930 F.2d 350, 357 (4th Cir. 1991) (citing
Spannaus v. DOJ, 813 F.2d 1285, 1289 (1987)).

To overcome the presumption of an affidavit's credibility, "a
requestor must demonstrate a material issue by producing evidence,
through affidavits or other appropriate means, contradicting the
adequacy of the search or suggesting bad faith." Havemann v.
Colvin, 629 F. App'x 537, 539 (4th Cir. 2015) (citing Miller v.
U.S. Dep't of State, 779 F.2d 1378, 1384 (8th Cir. 1985)). Courts
have held that if an agency provides a reasonably detailed
explanation of the applicability of a claimed exemption, and there
is no contradictory evidence of bad faith, the in camera inspection
of contested documents is unnecessary. Silets v. DOJ, 945 F.2d
227, 229 (7th Cir. 1991) (en banc) (writing that "[b]ecause the
Government's affidavits adequately explain the redacted material,
the information logically fits within the claimed exemptions, and

16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

there exists no contrary evidence or evidence of bad faith, the District Court did not abuse its discretion in denying in camera review"), cert. denied, 112 S. Ct. 2991 (1992).

As stated above, the FOIA has nine exemptions. See 5 U.S.C. § 552(b)(1)-(9). Most relevant here are Exemptions 5 and 6. Exemption 5 provides that FOIA disclosure rules do not apply to "inter-agency or intraagency memorandums or letters that would not be available by law to a party other than an agency in litigation with an agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested[.]" 5 U.S.C. § 552(b)(5). "Courts have interpreted Exemption 5 to exclude from disclosure documents produced under the attorney work product doctrine and the deliberative process privilege." Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 290-91 (4th Cir. 2004). Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" Id. § 552(b)(6).

**A.   Exhaustion**

In FOIA cases, "a plaintiff must exhaust administrative remedies prior to seeking judicial review." Schwarz v. FBI, 31 F. Supp. 2d 540, 542 (N.D.W. Va. 1998), aff'd, 166 F.3d 334 (4th Cir.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

1998). The Fourth Circuit has provided the following guidance as to when constructive exhaustion is available to a requester:

> [A] requester "shall be deemed to have exhausted his administrative remedies" and may commence litigation immediately if "the agency fails to comply with the applicable time limit provisions" of the FOIA statute, . . . **so long as the agency has not cured its violation by responding before the requester files suit** . . . . This constructive exhaustion provision allows a requester to break out of the administrative process and proceed directly to federal court in the face of an unresponsive agency.

Coleman v. Drug Enf't Admin., 714 F.3d 816, 820 (4th Cir. 2013) (emphasis added).

**B.    Fees**

Agencies are authorized to charge a "reasonable" amount "for document search and duplication" in a case that is not for commercial, educational, scientific, or news media use. See 5 U.S.C. § 552(a)(4)(A)(i)-(ii). Advanced fees may not be required "unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250." Id. § 552(a)(4)(A)(v).

When an agency has determined that a total fee "will exceed $250, it may require that the requester make an advance payment up to the amount of the entire anticipated fee before beginning to

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

process the request." 28 C.F.R. § 16.10(i)(2). It may do the same
if a requester has failed to make a timely payment in the past.
Id. § 16.10(i)(3). When an advance payment is required, "the
request shall not be considered received and further work will not
be completed until the required payment is received. If the
requester does not pay the advance payment within 30 calendar days
after the . . . fee determination, the request will be closed."
Id. § 16.10(i)(4). If the agency fails to comply with FOIA's time
limits in responding to a request, it may not charge search fees.
Id. § 16.10(d)(2). Requesters may seek a fee waiver under 28 C.F.R.
§ 16.10(k).

## IV.  DISCUSSION

The Court finds that Plaintiff has failed to overcome the
presumptive validity of NETL's affidavit as it relates to each
FOIA Request in issue. NETL was not named as a defendant in this
action until Plaintiff filed his Amended Complaint. For purposes
of determining when Plaintiff filed suit and whether NETL cured
various violations before suit, the filing of the Amended Complaint
will serve as the date Plaintiff "filed suit" against NETL.[2]

---

[2] The Court is giving Plaintiff the benefit of this earlier date,
as opposed to the date on which NETL was served.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

NETL's Declaration from Ann C. Guy is sufficient to establish that the methods used by NETL to conduct FOIA searches can be reasonably expected to produce Plaintiff's requested information. Guy's responsibilities include searching for information in response to FOIA requests, reviewing the information to determine whether it is exempt from release, and providing information to those who have requested it pursuant to FOIA. See Guy Decl., ECF No. 62-1, at ¶ 2. She has held her position since December 1991. Id. ¶ 1. Guy explains in detail NETL's system of records, how the system is searched, and how she personally conducted searches for Plaintiff's requests. She also explains considerations made for redactions and assertions of exemptions under FOIA. The Court will now examine in turn, based on Guy's declaration and any evidence presented by Plaintiff, each FOIA Request.

**A.     NETL's searches for Requests 833 and 1070 were adequate.**

       **Request 833**

On April 5, 2017, Plaintiff filed Request 833. Id. ¶ 15 (Ex. 1). Request 833 involved "19 categories of records including NETL's internal MDI and the related communications between NETL's Counsel and the Penn State and Centre County Assistant District Attorney." Id. Plaintiff argues that the information received for Request 833 was deficient. ECF No. 50 at 8. He argues that he exhausted his

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

administrative remedies long ago. Id. Much of the information, he says, has been withheld or destroyed. Id.

Guy states that she "conducted a search of Agency records to determine if responsive records exist." See Guy Decl., ECF No. 62-1, at ¶ 24. She worked with NETL's attorney to locate files. Id. She "determined that the MDI and numerous emails were responsive to the request; however, all the information [she] discovered during this search was withheld under Exemption 5 and because of potential litigation." Id. She also determined that certain information Plaintiff requested did not exist. Id. ¶ 25. Still, even though under no obligation, she "informed Plaintiff that the decision to investigate was made by senior management officials after a telephone call from the Penn State Affirmative Action Office reported a complaint had been made by his former student intern." Id.

NETL sent a response to Plaintiff on May 22, 2017, denying his request pursuant to exemptions 5 and 6 of the FOIA, 5 U.S.C. § (b)(5) and 5 U.S.C. § (b)(6). Id. (Ex. 2). On June 6, 2017, Plaintiff appealed NETL's response. Id. ¶ 26. On June 15, 2017, OHA received the appeal. Id. (Ex. 3). NETL agreed to reopen the request, and OHA dismissed the appeal. Id. (Ex. 4).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Request 833 was one of seven Requests consolidated into a single request.[3] Id. ¶ 27. The consolidated Requests were not assigned a new identification number. Id. When the consolidation took place, Plaintiff was sent a letter notifying him of the consolidation. Id. (Ex. 5). NETL also notified Plaintiff that he did not qualify for a fee waiver, and NETL assessed fees for continued processing of the seven consolidated requests. Id.

In the same letter, NETL informed Plaintiff that the estimated fee for processing his Requests would be over $7,000. Id. ¶ 28. NETL asked Plaintiff for partial payment in advance. Id. On July 5, 2017, Plaintiff appealed the denial of the fee waiver. Id. (Ex. 6). In the consolidated requests, Plaintiff made multiple requests for a video tape created and used by the independent investigator hired by NETL. Id. ¶ 29. Guy learned that the investigator created

---

[3] The seven consolidated requests were Requests 833, 890, 946, 1069, 1070, 1268, and 1284. NETL, after consulting with DOE HQ's Office of Public Information, determined that these requests should be consolidated based on the similarity and repetitiveness among them, "mostly dealing [with] the Plaintiff's hearing in Centre County, communications between NETL's legal office and Centre County, emails of his supervisors during the time of the investigation, a video/audio tape, and the MDI." Guy Decl., ECF No. 62-1, at ¶ 27. Plaintiff also withdrew Request 1284 and resubmitted it to DOE HQ because it was more appropriately addressed by HQ personnel. Id. ¶ 28. Therefore, on July 5, 2017, the seven consolidated requests were reduced to six consolidated requests. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

the video tape on her own. Id. Creating the video tape was never a requirement under NETL's contract with the investigator. Id. Further, the video tape was never in NETL's possession. Id. The investigator destroyed it when she no longer needed it.[4] Id.

On August 7, 2017, OHA issued a Decision and Award, finding that Plaintiff could not be assessed fees on four of the seven consolidated requests, including Request 833, because NETL did not respond within the 20-day period required by FOIA. Id. ¶ 30. NETL continued the search for Request 833. Id. ¶ 32. On October 6, 2017, NETL sent a new determination letter to Plaintiff for Request 833. Id. ¶ 33 (Ex. 10). On October 12, 2017, Plaintiff appealed, claiming that NETL did not release all of the requested documents, including the audio/video tape of the investigation. Id. ¶ 34 (Ex. 11). On November 2, 2017, OHA issued a decision on this appeal, finding that NETL reasonably interpreted and adequately searched for all but two items of the 19-item request. Id. It instructed NETL to conduct an additional search for those two items. Id. (Ex. 12). NETL conducted an additional search and sent a new determination letter on November 22, 2017. Id. (Ex. 13).

---

[4] In OHA's decision dated January 11, 2018, OHA explained this to Plaintiff. Guy Decl., ECF No. 62-1, at ¶ 29.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

On November 29, 2017, Plaintiff appealed, asking for the same documents and the video tape and claiming that NETL was withholding information. Id. ¶ 35 (Ex. 14). On January 11, 2018, OHA issued an order addressing Request 833 along with Request 890. Id. ¶ 36 (Ex. 15). OHA stated that NETL conducted an adequate search for 833 but was to reexamine several redactions under Exemption 5 and issue a new determination.[5] Id. On January 25, 2018, NETL released emails and information requested in OHA's order from January 11, 2018. Id. ¶ 38 (Ex. 17). On January 29, 2018, Plaintiff appealed, stating that NETL was not in compliance with OHA's order. Id. (Ex. 18).

Guy then divided up Requests 833 and 890 and responded to each separately. Id. ¶ 39. On February 7, 2018, she issued a new determination letter for Request 833 to comply with the January 11, 2018, order, including 99 pages of documents with nine redactions pursuant to Exemption 5. Id. (Ex. 19). On February 8, 2018, Plaintiff appealed, arguing that redactions were improper. Id. (Ex. 20). On February 12, 2018, OHA issued an order denying

---

[5] Guy cites clerical confusion after this because she, Plaintiff, and OHA all, at one point, mismatched the requests numbers and the appeal numbers. She says that Plaintiff appealed the two requests before receiving a determination letter, which added to the confusion. OHA issued a letter stating that the appeals were moot because NETL had yet to issue a new determination letter. See Guy Decl., ECF No. 62-1, at ¶ 36 (Ex. 16).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Plaintiff's appeal and finding that NETL was in full compliance with the order dated January 11, 2018, therefore closing Request 833. Id. (Ex. 21). As such, Plaintiff's appeal was exhausted, and he was permitted to seek judicial review.

Because Plaintiff's appeal was exhausted as to Request 833, the questions before the Court are whether the search was adequate and whether any exemptions were proper. Guy reconsidered several exemptions after OHA determined that legal advice was not included. See id. ¶ 38 (Ex. 17). She took into careful consideration OHA's decisions and incorporated its guidance in each determination letter sent. NETL released many documents in response to Request 833, and OHA – after denying a few earlier searches – found that NETL fully complied with all of its Decisions and Orders. See id. ¶ 39 (Ex. 21).

Guy states that Plaintiff's concerns stem from the following information continuing to be redacted/withheld: (1) "an accusatory investigation report devoid of evidence to support it"; (2) "an unfounded personal action of Notice of Proposed Removal (NPR)"; (3) "unsupported accusations in employee's SF-50 form"; and (4) two amendments to SF-50 form." Id. ¶ 67. Guy states that Hunzeker personally delivered this information to Plaintiff's counsel and received a signed confirmation of receipt. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

The search NETL undertook for Request 833 was adequate. In OHA's Decision and Order issued November 2, 2017, it found that NETL performed an adequate search relating to Request 833 for all but two items (items 12 and 16). OHA describes the search process undertaken by NETL as to Search 833:

> To process the request, NETL identified the individuals who were most likely to locate responsive records and contacted those individuals, provided them a copy of the FOIA request, and asked them to conduct a search of their records for anything that may be responsive to the request. Those individuals searched their physical and electronic records, including Outlook emails, using the search term "Manivannan." Additionally, the FOIA Officer at NETL conducted an electronic and hard copy file search using "Manivannan" and "Mani." The FOIA Officer also searched the Sharepoint database, which allows access to all NETL personnel email, using the search terms "Manivannan," "Mani," "Centre County," and the names of two individuals relevant to the Appellant's request. Subsequently, the FOIA Officer reviewed the results of the above searches to determine which information was responsive to the Appellant's requests. After concluding its review, NETL determined that it had searched all locations where responsive records may reside.

(Ex. 12) (internal citations omitted). After this Decision and Order, NETL performed a new search (for items 12 and 16) and issued another redetermination letter, which led to another appeal and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

another Decision and Order on January 11, 2018. In this Decision

and Order, OHA described the search as follows:

> Beginning with item 12, NETL explained that it
> searched its email database using the search
> terms "Manivannan," "investigation,"
> "Management Directed Investigation (MDI),"
> Centre County," and the name of the former
> NETL Chief Counsel. NETL also explained that
> it examined its investigative file and
> contacted multiple individuals and offices
> throughout NETL who may have had additional
> documentation. Within the investigative file,
> NETL located the requested phone call lists
> and provided them to the Appellant in a
> previous determination letter. NETL clarified
> that these phone call lists were comprehensive
> and would not be located anywhere else. NETL
> stated that there is "nowhere remaining to
> search."
>
> With regard to the requested video/audio
> recordings, NETL explained that any recordings
> were made by a non-DOE investigator for
> transcription purposes only. NETL contacted
> this investigator when the FOIA request was
> submitted, and the investigator explained that
> she deleted any recordings once she had
> completed her investigative report.
> Therefore, any such recording no longer exists
> and cannot be provided in response to the FOIA
> request.
>
> Turning to item number 16, in conducting its
> additional search, NETL explained that it
> searched its email database using the term
> "Manivannan." Then within the emails that
> surfaced, it searched the terms "removal,"
> "discipline," and "Management Directed
> Investigation." NETL also searched for the
> name of the NETL Attorney, and the name of a
> human resources specialist. Although it could

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

> find no document identifying the person who
> drafted the Notice of Proposed Removal, NETL
> provided the Appellant with 41 pages of
> relevant, responsive records.

(Ex. 15). OHA found that the searches for the two previously-
inadequate items — 12 and 16 — were adequate. Based on the
description of the search conducted, this Court agrees. NETL "has
conducted a search reasonably calculated to uncover all relevant
documents." See Weisberg, 705 F.2d at 1351. In conclusion, the
Court finds that the search for Request 833 was adequate.
Exemptions will be discussed below.

**Request 1070**

On May 11, 2017, Plaintiff filed Request 1070. Guy Decl., ECF
No. 62-1, at ¶ 52 (Ex. 45). It included "11 categories of records
related to the MDI and a video tape prepared by the contract
investigator." Id. ¶ 19. It also included "information on the names
of all NETL personnel who initiated and were involved with his
investigation and information on the investigator hired by NETL to
do the investigation." Id. ¶ 52. Plaintiff argues that the
information he has received for Request 1070 is deficient, that he
exhausted his administrative remedies long ago, and that NETL made
"numerous questionable redactions." ECF No. 50 at 11.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Request 1070 was one of the seven consolidated requests. Id. ¶ 27. On August 7, 2017, OHA issued a Decision and Award finding that Plaintiff could not be assessed fees on four of the seven consolidated requests, including Request 1070, because NETL did not respond within 20 days. Guy Decl., ECF No. 62-1, at ¶ 30.

NETL continued the search for Request 1070. Id. ¶ 32. On October 24, 2017, NETL sent Plaintiff a determination letter including approximately 227 pages of information. Id. ¶ 53. Guy could not find responsive documents to some of the items in his request. Id. Certain portions were redacted under Exemption 5. Id. On October 29, 2017, Plaintiff appealed, arguing that Exemption 5 did not apply to him. Id. ¶ 54. He asked again for the video/audio tape. Id. On November 29, 2017, OHA granted the appeal in part, writing that NETL did an adequate search for most items listed, but OHA ordered NETL to do an additional search using more search terms for two items in the request. Id. (Ex. 48).

On January 4, 2018, NETL sent Plaintiff a new determination letter based on this request. Id. ¶ 55 (Ex. 49). On January 16, 2018, Plaintiff appealed, stating that the search was incomplete. Id. (Ex. 50). NETL withdrew its determination and issued a new determination on February 27, 2018, "correctly listing and marking the exemptions used." Id. (Ex. 51). Plaintiff again appealed,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

arguing that the search was inadequate. Id. ¶ 56 (Ex. 52). On March

29, 2018, OHA issued a final order denying Plaintiff's appeal and

closing Request 1070. Id. (Ex. 53). Plaintiff, therefore,

exhausted his administrative remedies and could seek judicial

review of Request 1070.

Because Plaintiff exhausted his administrative remedies for

Request 1070, the questions before the Court are whether the search

was adequate and whether any exemptions were proper. The search

NETL undertook for Request 1070 was adequate. In OHA's Decision

and Order dated November 29, 2017, it found that NETL performed an

adequate search relating to Request 1070 for all but two items.

OHA describes the search process undertaken by NETL as to Request

1070:

> NETL identified the individuals who were most
> likely to locate responsive records, contacted
> those individuals, and requested that they
> conduct a search of their records. Those
> individuals searched their physical and
> electronic records, including Outlook emails,
> using relevant search terms such as
> "Manivannan," "investigation," "Management
> Directed Inquiry," and "final SF-50."
> Additionally, the FOIA officer at NETL
> conducted electronic and hard copy file
> searches using the Appellant's name and the
> names of other individuals relevant to the
> particular request. The FOIA Officer also
> searched the eDiscovery (or Sharepoint)
> database, which allows access to all NETL
> personnel email. Subsequently, the FOIA

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

> Officer reviewed the results of the above
> searches to identify information responsive to
> the Appellant's requests. After concluding its
> review, NETL determined that it had searched
> all locations were responsive records may
> reside.

(Ex. 48) (internal citations omitted). After this Decision and

Order, NETL performed a new search (for items 1 and 2) and issued

a new determination letter. Plaintiff again appealed, which led to

another Decision and Order on March 29, 2018. In this Decision and

Order, OHA described the search as follows for item 1:

> NETL explained that it conducted a broader
> search and there was "no document that
> list[ed] the names of NETL personnel who
> initiated and were involved in the internal
> investigation." NETL explained that the
> released documents, however, show an outline
> of the investigation and discuss the
> Management Directed Inquiry (MDI). NETL
> additionally provided our office with
> information regarding the additional search it
> conducted. NETL explained that on remand, it
> broadened the search of its electronic
> database to include the terms "MDI,"
> "investigation," and "Manivannan." This
> search revealed 46 pages of documents that
> were released to Appellant in their entirety.

(Ex. 53). OHA described the search as follows for item 2:

> NETL explained that the Appellant has already
> received "a copy of the purchase requisition
> for the hiring of" the investigator, without
> redaction, in a previous release of documents,
> and NETL disclosed to the Appellant previously
> that no "written instructions" to the
> investigator exist.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

> Nonetheless, in order to ensure a thorough
> search, NETL searched its electronic database
> for the terms "Manivannan" and the first and
> last name of the investigator. NETL stated
> that it noticed that its files utilized two
> different spellings of the investigator's
> first name. As such, NETL utilized both
> spellings in its search. NETL additionally
> searched the Equal Employment Opportunity
> (EEO) Office. NETL clarified that "there is
> nowhere else to look." This search produced 89
> pages of documents.

Id. OHA found that the searches for the two previously-inadequate

items — 1 and 2 — were adequate. Based on the description of the

search conducted, this Court agrees. NETL "has conducted a search

reasonably calculated to uncover all relevant documents." See

Weisberg, 705 F.2d at 1351. In conclusion, Court finds that the

search for Request 1070 was adequate. Exemptions will be discussed

below.

**B.    NETL cured its violations for Requests 890 and 946 before
       Plaintiff filed suit.**

**Request 890**

On April 12, 2017, Plaintiff filed Request 890. Guy Decl.,

ECF No. 62-1, at ¶ 40. Request 890 related to "eight categories of

documents, the bulk of which pertained to email between NETL

counsel and a Centre County Pennsylvania Assistant District

Attorney." Id. (Ex. 22). Plaintiff argues that the information he

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

received for Request 890 was deficient, that he exhausted his administrative remedies long ago, and that it would be futile to appeal at this point. ECF No. 50 at 10.

Guy worked with NETL's attorney to search for documents in response to Request 890. Guy Decl., ECF No. 62-1, at ¶ 41. They used search terms such as "Penn State," "Centre County," "McGoran," "Miller," and "Hundt." Id. She also searched for testimony involving "David Alman," whom Plaintiff specifically named in his Request. Id. On May 19, 2017, NETL sent its initial determination letter to Plaintiff, with redacted records based on attorney work product and attorney-client privilege, under Exemption 5 of FOIA. Id. (Ex. 23).

On June 6, 2017, Plaintiff appealed the initial determination. Id. ¶ 42 (Ex. 24). He argued that NETL failed to release the video/audio tape records used during the investigation and requested additional information from his personnel file. Id. NETL agreed to issue a new determination letter including personnel file information, so OHA remanded the request on June 16, 2017. Id. (Ex. 25). On June 20, 2017, NETL sent Plaintiff his personnel file. Id. On August 7, 2017, NETL sent Plaintiff a new determination letter that included the previously redacted information. Id. (Ex. 26).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Request 890 was one of the consolidated requests. Id. ¶ 27.
On August 7, 2017, OHA issued a Decision and Award finding that
Plaintiff could not be assessed fees on four of the seven
consolidated requests, including Request 890, because NETL did not
respond to it within the 20-day response time required by FOIA.
Id. ¶ 30. NETL then continued the search for Request 890. Id. ¶
32.

On November 3, 2017, NETL issued a determination letter. Id.
¶ 43 (Ex. 27). On November 29, 2017, Plaintiff appealed, arguing
that Exemption 5 did not apply and stating that all of NETL's
communications should be provided to him without redaction. Id. ¶
44 (Ex. 28). He also asked for the video tape again. Id. On January
11, 2018, OHA remanded the decision to NETL, writing that the
search was adequate but several redactions under Exemption 5 were
improper. Id. ¶ 45 (Ex. 29). On January 25, 2018, NETL issued a
second redetermination letter, releasing the previously redacted
communications. Id. (Ex. 30).

On January 29, 2018, Plaintiff appealed. Id. ¶ 46 (Ex. 31).
OHA dismissed the appeal after NETL agreed to withdraw its
determination letter and issue another one. Id. (Ex. 32). On
January 30, 2018, NETL issued another redetermination letter,
releasing additional portions of previously redacted emails. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

(Ex. 33). On January 31, 2018, Plaintiff appealed. Id. ¶ 47. He argued that all redacted information should be released and NETL was intentionally hiding information. Id. (Ex. 34). OHA dismissed the appeal because Plaintiff appealed before receiving the redetermination letter. Id. (Ex. 35). On February 27, 2018, NETL issued another redetermination letter. Id. (Ex. 36).

On March 1, 2018, Plaintiff appealed again. Id. ¶ 48 (Ex. 37). NETL withdrew the letter to issue a new one so it could correct several redactions and appropriately mark the exemptions, so OHA dismissed the appeal. Id. (Ex. 39). On March 8, 2018, NETL sent Plaintiff two corrected letters, sending the final determination on March 8, 2018, and releasing 157 pages of information. Id. (Ex. 38). Plaintiff never appealed the determination letter from March 8, 2018, and, therefore, failed to exhaust his administrative remedies. See id. NETL sent Plaintiff its most recent determination letter for Request 890 over a month before Plaintiff filed his Amended Complaint. Because NETL "cured its violation before the person making the request" filed suit against NETL, constructive exhaustion does not apply. See Coleman, 714 F.3d at 820.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

**Request 946**

On April 24, 2017, Plaintiff filed Request 946. Guy Decl.,
ECF No. 62-1, at ¶ 49 (Ex. 40). It included "14 categories of
records pertaining to his personal belongings that he alleged were
still on NETL property and emails regarding work he had done while
employed by NETL and . . . records on NETL's counsel arranging a
visit for Dr. Manivannan and his supervisor to pick up his personal
belongings." Id.

On May 5, 2017, NETL sent Plaintiff its initial response to
request 946 — "no records" — because Plaintiff's request was for
information, not actual records or documents. Id. ¶ 50 (Ex. 41).
On May 22, 2017, Plaintiff appealed. Id. (Ex. 42). NETL agreed to
withdraw its determination and issue a new one after conducting an
additional search, so OHA dismissed the appeal as moot. Id. (Ex.
43). Then, Request 946 became one of the consolidated requests.
Id. ¶ 27.

On August 7, 2017, OHA issued a Decision and Award, finding
that Plaintiff could not be assessed fees on four of the seven
consolidated requests, including Request 946, because NETL did not
respond within 20 days. Id. ¶ 30. NETL continued the search for
documents related to Request 946. Id. ¶ 32. NETL's search relating
to Request 946 included "contacting all NETL personnel named in

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Plaintiff's requests, the security office, the property office, NETL's counsel and searching electronically through all emails using eDiscovery." Id. ¶ 51. On April 11, 2018, NETL sent a redetermination letter to Plaintiff including approximately 689 pages with no redactions. Id. (Ex. 44). Plaintiff did not appeal to OHA, which closed Request 946. Id.

Plaintiff now argues that NETL provided a partial response, and it "was not made available until last week" (last week being the week before he filed his Amended Complaint). ECF No. 50 at 5. He argues that he exhausted his administrative remedies long ago. He cites concerns with the sufficiency of NETL's responses. Id. Because Plaintiff has not appealed the most recent determination letter from NETL, he has failed to exhaust his administrative remedies. NETL "cured its violations by responding before the person making the request" filed suit against it, so constructive exhaustion does not apply. See Coleman, 714 F.3d at 820.

**C. Requests 1069, 1268, 1284, 1347, 1348, 1759, and 78 were
properly closed because Plaintiff failed to pay fees.**

**Request 1069**

NETL received Request 1069 on May 12, 2017. See Guy Decl., ECF No. 62-1, at ¶ 18. It included "20 categories of documents related to emails of prior supervisor's and management of Plaintiff

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

pertaining to prior complaints Plaintiff had made during his employment." Id.

Request 1069 was one of the consolidated requests. Id. ¶ 27. On August 7, 2017, OHA issued a Decision and Order finding that NETL must issue a revised search fee for three of the seven consolidated requests, including 1069. Id. ¶ 30 (Ex. 7). On September 22, 2017, NETL sent a new fee determination letter for Request 1069. Id. ¶ 31 (Ex. 8). NETL requested advanced payment of fees (based an estimated $5,000 in cost) within 30 days and advised that future requests would not be processed without payment of fees. Id. Plaintiff never tendered payment of fees for Request 1069. Id. As such, this Request was closed without NETL taking any action. Id. Guy avers that she "contacted Plaintiff several times when subsequent requests were received that his requests were on hold and any future requests would not be processed without the payment of fees . . . ." Id.

Plaintiff has not submitted any evidence to contradict Guy's declaration as to the status of Request 1069. He argues that NETL announced a fee, Plaintiff requested a fee revision, NETL indicated that Plaintiff missed the deadline, and NETL closed the FOIA Request. ECF No. 50 at 19. Plaintiff argues, therefore, that he has the right to seek judicial review. Id. The Court finds that

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

this argument fails to overcome the presumption of validity of Guy's declaration. Plaintiff is not entitled to judicial review of Request 1069 because he has failed to pay the required fees.

### Request 1268

NETL received Request 1268 on June 16, 2017. See Guy Decl., ECF No. 62-1, at ¶ 20. It included "six categories of records pertaining to the SF-50 documents prepared when he resigned his employment and about the MDI." Id. Request 1268 was one of the consolidated requests. Id. ¶ 27. On August 7, 2017, OHA issued a Decision and Order finding that NETL must issue a revised search fee for three of the seven consolidated requests, including 1268. Id. ¶ 30 (Ex. 7).

NETL sent Plaintiff a new fee determination letter on September 22, 2017, pursuant to OHA's order, estimating a cost of $5,000 and "requesting advanced payment of processing fees within 30 days and advising that any further requests would not be processed without payment of fees." Id. ¶ 31 (Ex. 8). Plaintiff never paid the advanced fees for this request. Id. As such, Request 1268 was closed by NETL without taking any action. Id. Guy "contacted Plaintiff several times when subsequent requests were received" to notify him that his requests were on hold until he made his payments. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

Plaintiff argues that NETL announced a fee, Plaintiff requested a fee revision, NETL indicated that Plaintiff missed the deadline, and NETL closed the FOIA Request. ECF No. 50 at 20. Plaintiff argues, therefore, that he has the right to seek judicial review. Id. The Court finds that this argument fails to overcome the presumption of validity of Guy's declaration. Plaintiff is not entitled to judicial review of Request 1268 because he has failed to pay the required fees.

**Request 1284**

NETL received Request 1284 on June 19, 2017. Id. ¶ 21. It included "information pertaining to DOE HQ activities in this case." Id. Request 1284 was one of seven requests consolidated into a single request. Id. ¶ 27. As discussed above, Plaintiff removed Request 1284 from the consolidated group because it was more appropriately submitted to DOE HQ. Id. ¶ 28. On August 7, 2017, OHA issued a Decision and Order finding that NETL must issue a revised search fee for three of the seven consolidated requests, including 1284. Id. ¶ 30 (Ex. 7).

On September 22, 2017, NETL sent a new fee determination letter for Request 1284. Id. ¶ 31 (Ex. 8). NETL requested advanced payment of fees within 30 days (based an estimated $5,000 in cost) and advised that future requests would not be processed without

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

payment of fees. Id. Plaintiff never tendered payment of fees for Request 1284. Id. As such, this Request was closed without NETL taking any action. Id. Guy avers that she "contacted Plaintiff several times when subsequent requests were received that his requests were on hold and any future requests would not be processed without the payment of fees . . . ." Id.

Plaintiff argues that he exhausted his administrative remedies long ago and has the right to seek "proper judicial review" of this Request. ECF No. 50 at 20. Plaintiff has not overcome the presumption of validity of Guy's declaration. Plaintiff is not entitled to judicial review of Request 1070 because he has failed to pay the required fees.

**Request 1347**

NETL received Request 1347 on July 5, 2017. See Guy Decl., ECF No. 62-1, at ¶ 22. It included "16 categories of records pertaining to his criminal hearing in Centre County, Pennsylvania and again requested the video tape prepared by the contract investigator." Id. Guy states that Plaintiff never paid his fees, resulting in the closure of Request 1347. Id. ¶ 70. Presumably, Guy is referring to Plaintiff's failure to pay his fees for Requests 1069, 1268, and 1284. See id. ¶ 31 (Ex. 8). If Plaintiff had failed to pay his fee for those Requests, NETL was free to

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

refuse to process Request 1347 until that payment was made.[6] Guy writes that despite Plaintiff's contentions, he never asked for any fee revision. Id. ¶ 71.

Plaintiff argues that he exhausted his administrative remedies long ago. ECF No. 50 at 16. He argues that NETL "is not in compliance with the Court Order for [this] FOIA request[]." Id. Plaintiff also argues that NETL "never issued a determination letter for [this] FOIA request[]." Id. He believes NETL misled the Court when NETL said that Plaintiff's appeal of the FOIA response was denied on October 22, 2017. Id. Plaintiff has failed to overcome the presumption of the validity of Guy's declaration. Plaintiff is not entitled to judicial review of Request 1347 because he has failed to pay fees.

**Request 1348**

NETL received Request 1348 on July 6, 2017. See Guy Decl., ECF No. 62-1, at ¶ 23. It included "eight categories of records

---

[6] See 28 C.F.R. § 16.10(i)(3) ("Where a requester has previously failed to pay a properly charged FOIA fee to any component or agency within 30 calendar days of the billing date, a component may require that the requester pay the full amount due, plus any applicable interest on that prior request, and the component may require that the requester make an advance payment of the full amount of any anticipated fee before the component begins to process a new request or continues to process a pending request or any pending appeal.").

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

pertaining to the NETL director, her assigned duty station, and
procedures for sending certified mail to the Director." Id. Guy
states that Plaintiff never paid his fees, resulting in the closure
of Request 1348. Id. ¶ 70. Presumably, Guy is referring to
Plaintiff's failure to pay his fees for Requests 1069, 1268, and
1284. See id. ¶ 31 (Ex. 8). If Plaintiff had failed to pay his fee
for those Requests, NETL was free to refuse to process Request
1348 until that payment was made.[7] Guy writes that despite
Plaintiff's contentions, he never asked for any fee revision. Id.
¶ 71.

Plaintiff argues that he exhausted his administrative
remedies long ago. ECF No. 50 at 16. He also argues that NETL "is
not in compliance with the Court Order for [this] FOIA request[]."
Id. Plaintiff argues that NETL "never issued a determination letter
for [this] FOIA request[]." Id. He believes NETL misled the Court
when NETL stated that Plaintiff's appeal of the FOIA response was
denied on October 22, 2017. Id. Plaintiff has failed to overcome
the presumption of the validity of Guy's declaration. Plaintiff is
not entitled to judicial review of Request 1348 because he has
failed to pay fees.

---

[7] See supra n.6.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

**Requests 1759 and 78**

Guy states that NETL did not issue determination letters for these Requests because Plaintiff failed to pay fees. See Guy Decl., ECF No. 62-1, at ¶ 72. Guy avers that she "sent several emails explaining that no determination letter would be sent without a payment of fees." Id. (Ex. 66). She also says that the requests "were not requests for documents that existed." Id. (Ex. 65).

Plaintiff argues that he exhausted his administrative remedies long ago for these Requests. ECF No. 50 at 16. He also argues that NETL "is not in compliance with the Court Order for these FOIA requests." Id. Plaintiff argues that NETL "never issued a determination letter for these FOIA requests." Id. NETL, he says, misled the Court when NETL stated that Plaintiff's appeal of the FOIA response was denied on October 22, 2017. Id. Plaintiff has failed to overcome the presumption of the validity of Guy's declaration. Plaintiff is not entitled to judicial review of Requests 1759 and 78 because he has failed to pay fees.

**D.   NETL properly applied Exemptions 5 and 6.**

The only exemptions applied by NETL are Exemptions 5 and 6. Further, as discussed above, the only FOIA Requests for which exemptions are relevant to the Court's analysis are 833 and 1070.

44

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

In Guy's Declaration, she explains her application of Exemption 5,

Deliberate Process Privilege:

> The information withheld under Exemption 5 of
> the deliberative process privilege consists of
> email chain discussions and internal
> deliberations on potential agency action
> regarding discipline and personnel actions
> that resulted from the Management Directed
> Inquiry (MDI). The release of such information
> release would have a chilling effect on the
> ability of NETL staff to have open and frank
> discussions and to make decisions on how to
> proceed and the appropriate and necessary
> agency actions resulting from the findings of
> the investigation.
>
> The information redacted and withheld pursuant
> to Exemption 5 under the deliberative process
> privilege has been reviewed to ensure that all
> reasonably segregable information have been
> released to Plaintiff. Information contained
> in the withheld portions of documents was
> determined to be inextricably intertwined with
> the privileged information and could not be
> reasonably segregated to be released under the
> FOIA from the deliberative material.

See Guy Decl., ECF No. 62-1, at ¶¶ 9, 10. She states the following

about Exemption 5, Attorney Client Privilege:

> The withheld information consists of legal
> advice sought by supervisors, managers, and
> other personnel regarding compliance with the
> investigation process and attendance at the
> hearing of the plaintiff. The disclosure of
> the attorney-client communications would
> deprive NETL staff of the benefit of
> confidential advice from NETL attorneys in
> legal matters and agency decision-making and
> would have a chilling effect on the ability of

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

> staff to have open and frank discussions with
> the attorneys.
>
> The information redacted and withheld pursuant
> to Exemption 5 under the attorney-client
> privilege has been reviewed to ensure that all
> reasonably segregable information in the
> documents has been released from the documents
> to Plaintiff.

Id. ¶¶ 11, 12. Last, she explains her application of Exemption 6,

Personal Privacy:

> The information withheld pursuant to this
> Exemption consists of private individuals'
> names. Access to this withheld information
> would violate the privacy interest of the
> subject of the information and the private
> harm would outweigh any pubic gain from
> disclosure.
>
> The information redacted and withheld pursuant
> to Exemption 6 has been reviewed to ensure
> that all reasonably segregable information in
> the documents has been released from the
> documents to Plaintiff.

Id. ¶¶ 13, 14. These statements are nonconclusory and relatively

detailed explanations of the claimed exemptions. Plaintiff has not

produced any contradictory evidence of bad faith. Therefore, the

Court finds that the exemptions are proper, and an in camera

inspection of the contested documents is unnecessary.

**Additional Information from Ann Guy**

Guy writes that "[m]ost of the documents responsive to

Plaintiff's FOIA request (if not all), including the entire

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

unredacted investigation file, were provided to . . . Plaintiff's counsel as part of discovery in a personnel action initiated by the Agency." Id. ¶ 57. Further, Guy states that "affidavits by two of Plaintiff's co-workers were provided to Plaintiff documenting the [personal] property that was returned to him." Id. ¶ 58. Plaintiff was also provided photographs and security logs. Id. Guy searched emails of all employees in her attempts to respond to Plaintiff's requests. Id. ¶ 59.

Guy writes that she generally reaches out to requesters in order "to get a better understanding of the scope of the documents being requested." Id. ¶ 60. She "tried several times to contact the Plaintiff for clarification or narrowing of his requests, but he did not respond to any of [her] efforts to discuss his requests with him." Id. (Ex. 55). The only exemptions applied to any documents were exemptions 5 and 6. Id. ¶ 61. OHA offered guidance to NETL through this process by asking questions for clarification and offering guidance, for example, as to search terms. Id. ¶ 62 (Ex. 56).

Guy further avers that documented evidence of communications between DOE's counsel and Centre County officials, which was originally redacted under attorney-client privilege, was later released to Plaintiff. Id. ¶ 63. As to Plaintiff's repeated

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION
FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT
PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]**

requests for the video tape, the video tape was created and used by the investigator. Id. ¶ 64. When NETL reached out to request the video tape, NETL was told that the tape was destroyed after transcription of the investigation and that this was a normal business practice. Id. The investigator submitted an affidavit stating as much. (Ex. 57).

Guy avers that Plaintiff asked NETL to "confirm or deny" information and also sent NETL interrogatories. Id. ¶ 65. As Guy explains, this is not how FOIA operates, as FOIA is a tool for individuals to retrieve existing government documents. Id. Nonetheless, Guy conducted searches for documents that were potentially responsive and "released documents that he had not specifically requested but might help him answer some of his questions." Id. Guy also writes that Requests 1347, 1348, 1069, 1268, and 1284, while not addressed due to failure to pay fees, were "almost entirely repetitive" of other Requests. Id. ¶ 70.

## V.   CONCLUSION

Most of the FOIA Requests at issue were properly closed based on Plaintiff's failure to pay fees (1069, 1268, 1284, 1347, 1348, 1759, and 78). NETL cured its violations for two others before Plaintiff filed suit against it (890 and 946), so Plaintiff failed to exhaust his administrative remedies. Finally, as to the

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 79], GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 61], AND DENYING AS MOOT PLAINTIFF'S NOTE AND CLARIFICATION [ECF NO. 60]

remaining Requests (833 and 1070), NETL performed an adequate search, and any exemptions applied were proper. NETL has in good faith produced a nonconclusory and relatively detailed affidavit indicating the same. Plaintiff has failed to demonstrate a material issue by producing evidence contradicting the adequacy of the search or suggesting bad faith. NETL is entitled to judgment as a matter of law.

For the reasons discussed above, the R&R is **ADOPTED IN PART** [ECF No. 79], to the extent consistent with this Memorandum Opinion and Order; Defendant's Motion for Summary Judgment is **GRANTED** [ECF No. 61]; Plaintiff's Note and Clarification, construed as a Motion to Compel, is **DENIED AS MOOT** [ECF No. 60]; and this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se Plaintiff via certified mail, return receipt requested.

DATED: September 30, 2019

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE